IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| LAEL SAMONTE, | ) | CIV. NO. 05-00598 SOM-BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DENYING MOTION FOR |
| vs. | ) | APPOINTMENT OF COUNSEL |
| | ) | |
| ALBERTA MAGLINTI, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**

*Pro se* plaintiff Lael Samonte, has filed a third Motion for Appointment of
Counsel (" Motion") in this prisoner civil rights action.  This proceeding was
referred to this court by Local Rule 72.3 pursuant to 28 U.S.C. § 636(b)(1).
Defendant filed an Opposition to the Motion on May 25, 2007.  On June 5, 2007,
just prior to the scheduled hearing, prison officials informed the court that Plaintiff
refused to leave his cell to participate in the hearing, without the aid of a
wheelchair.  The court declined to order prison officials to accommodate Plaintiff's
demands, as discussed more fully below.  Accordingly, after carefully reviewing
the Motion and Defendant's Opposition, and in light of Plaintiff's refusal to attend
the hearing, the court determines that this matter is suitable for disposition without

a hearing pursuant to Local Rule LR7.1(d).  For the following reasons, the Motion

is DENIED.

## I. LEGAL STANDARD

The court, in its discretion, "may appoint counsel . . . only under

'exceptional circumstances.'"  *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir.

1991); *see also Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984).  "A

finding of exceptional circumstances requires an evaluation of both the likelihood

of success on the merits [and] the ability of the petitioner to articulate his claims

pro se in light of the complexity of the legal issues involved."  *Terrell*, 935 F.2d at

1017 (citation omitted).  Neither factor is dispositive and both must be viewed

together before reaching a decision on request for counsel under § 1915.  *Id.*

## II. BACKGROUND

On October 26, and November 2, 2005, Plaintiff moved for appointment of

counsel.  (Doc. Nos. 9 & 12.)  Plaintiff requests that the court "reconsider all the

reasons listed in his first motion for appointment of counsel."  In his prior motions,

Plaintiff argued that appointed counsel was necessary because he has only an

eighth grade education, as well as mental and physical health problems, including:

high blood pressure, migraines, shortness of breath, high cholesterol, chest pain,

deteriorating vision, chronic pain, a bi-polar mental condition, side effects from

medication, and has attempted suicide.  Plaintiff also questioned his ability to read and understand the court's orders.  (*See* Doc. Nos. 9 & 12.)

On May 16, 2007, Plaintiff sent an ex parte letter to United States District Judge Susan Mollway.  In the letter, he indicates that he has medical difficulties and cannot walk without the assistance of a wheelchair, but that prison officials are refusing to provide him with a wheelchair.  (Doc. No. 67.)  He says that, if "in the near future" he is unable to take a call from the court, presumably referring to the telephonic hearings the court holds in prisoner actions, "[t]hat does'nt mean I'm refusing the call or I don't want to participate in the court hearing.  It[']s because of my medical disabilities."  (*Id.*)  As an accommodation, Plaintiff asks that he be allowed to make collect calls to the court from his cell for his hearings.

On May 23, 2007, Plaintiff sent another ex parte letter to Judge Mollway, again complaining of pain in his right leg and hip.  (Doc. No. 75.)  In this letter, he again alleges that he is experiencing severe pain in his right leg and hip, and states that if Judge Mollway has questions, she should "leave a number so I can return a collect call from my cell due to serious medical disabilities."

In response to Plaintiff's allegations of medical infirmities, Defendant provides the sworn declaration of Kay A. Bauman, M.D., Medical Director for the Hawaii Department of Public Safety ("DPS").  (*See* Op., Bauman Dec.)  Bauman

states that she has reviewed Plaintiff's medical records concluding on May 15, 2007. Those records show that Plaintiff has recently been transported to the Emergency Room ("ER") three times.

On March 22, 2007, Plaintiff complained of shortness of breath and was admitted to the hospital for three days. Bauman states that during this time "he was never seen to be short of breath and all oxygenation determinations were normal." (Def. Ex. B-1.) Plaintiff's "brain MRI, neck MRA, . . . carotid duplex, [and] cardiac labs were all normal[,] . . . lab tests for kidneys, liver, sugar and blood count were negative; [and] he had a normal chest x-ray and EKG." (*Id.*) Plaintiff was released with a discharge diagnosis and summary including "malingering vs. anxiety disorder and many somatic complaints." (*Id.*)

On April 10, 2007, Plaintiff went to the ER for chest pain. All tests for a potential heart attack were normal. Although the ER physicians intended to admit him for further observations, Plaintiff refused because his chest pain was better, and he was returned to the Red Rock Correctional Center ("RRCC"), where he is incarcerated.

On April 26, 2007, Plaintiff was seen at the ER again and was diagnosed with "syncope," or a fainting episode. (Def. Ex. B-1.) It is unclear if he was admitted to the hospital at this visit.

Bauman states that, although Plaintiff complains of shoulder, hip, and leg pains, all studies to date have been negative for these ailments.  Finally, Bauman asserts that none of Plaintiff's physical complaints "can be documented with objective studies."  (Op., Ex. B-1.)  Plaintiff is under the care of an opthalmologist and a urologist.  In Bauman's opinion, Plaintiff "does not need to be managed by the court system in any special way differing from other inmates."  (*Id.*)

In the present motion, Plaintiff claims that counsel should be appointed to him because the RRCC law library contains only a broken table, an intermittently working wall-mounted touch screen, and no chairs or law books.

In response, Defendants submit DPS Mainland Branch Administrator Shari Kimoto's declaration.  Kimoto is responsible for oversight of contract compliance for all Hawaii inmates housed in out-of-state correctional facilities.  Kimoto contacted RRCC Warden Frank Luna to determine the condition of the RRCC law library facilities.  Luna sent a memorandum to Kimoto stating that, contrary to Plaintiff's representations, the RRCC law library contains two long classroom tables, a chair, a typewriter, a "touch-tone kiosk" system for legal research, and hard cover law books.  (*See* Def.'s Ex. A-1.)  Luna states that the touch-tone system is identical to that available in Hawaii's prisons.  While Luna admits that the touch-tone screen "locks up" when inmates continue to press the screen instead

of waiting until the search command is executed, he states that this has only happened five to six times in the past three months, and in each instance was re-set the following morning.  Luna further states that "[t]here have been no operational issues with the kiosk system and at no time has the system been broken since its installation of March 9, 2007."  (Def. Ex. A-1.)

### III. ANALYSIS

Other than this Motion and Plaintiff's motion to add parties, the only matters currently pending in this action are Defendant's motion for summary judgment and trial.[1]  (Doc. No. 45.)  Briefing for Defendant's motion for summary judgment has long been closed.  (*See* Doc. No. 50, "Order Granting Motion for Extension of Time to File Response To Defendants' Motion for Summary Judgment," granting Plaintiff until Feb. 15, 2007, to respond to Defendant's motion for summary judgment.)  Plaintiff has, in fact, filed two responses to the motion for summary judgment.  (Doc. Nos. 51 & 53.)  It is clear that, despite his earlier concerns that he

---

[1] The motion for summary judgment was originally set for hearing on Jan. 22, 2007.  Plaintiff sought and was granted a sixty-day extension of time to respond to the motion.  (Doc. Nos. 48 & 50.) Plaintiff then filed two oppositions to the motion.  (Doc. Nos. 51 & 53.) The court reset the hearing date to March 5, 2007. (Doc. No. 50.)  On March 5, 2007, Plaintiff requested another continuance due to illness.  The court postponed the hearing until April 30, 2007.  On that date, Plaintiff again informed the court that he was too ill to proceed and requested another continuance.  The court granted this request and reset the hearing until July 2, 2007.  (Doc. No. 59.)

would be unable to understand the court's orders, Plaintiff has been able to prosecute this action *pro se*.  He has adequately articulated his arguments in opposition to Defendant's motion for summary judgment, both orally at the two hearings on the motion when he sought his continuances, and through his briefs. Moreover, Plaintiff has sufficiently supported his position on other issues presented in this action, such as his requests for continuances, motions for appointment of counsel, objections to the denial of motions, requests for entry of default, motion to be present at hearings, etc.  (*See e.g.*,  Doc. Nos. 1, 2, 7, 9, 12, 18, 23, 26, 30, 32, 34, 39, 42, 44, 48, 51, 53, and 62.)  He has done all of this without the help of appointed counsel.

Further, in light of Dr. Bauman's unrefuted medical opinion concerning Plaintiff's present medical condition, the court finds that his health concerns do not present such extraordinary circumstances that the appointment of counsel is required.  Nor do they warrant a court order requiring prison officials to either provide Plaintiff with a wheelchair, or allow him to make collect calls from his cell to teleconference with the court during hearings.

In addition, Plaintiff has filed numerous, supported motions and requests since his transfer to RRCC.  These documents have been responsive to pending court matters, supported by case law, and have adequately set forth Plaintiff's

position in this suit.  There has been no delay, actual injury, or prejudice to this case due to Plaintiff's allegations regarding the perceived inadequacies of the prison law library.  *See Lewis v. Casey*, 518 U.S. 343, 346 (1996).  The court finds that Plaintiff has not been denied access to *this* court in *this* case due to any perceived deficiencies at the RRCC law library.  As such, this court finds that the RRCC law library is not so inadequate as to require the appointment of counsel.

Further, the court has reviewed all of the documents submitted in support of and opposition to Defendants' pending motion for summary judgment.  (Doc. Nos. 51, 53, & 58.)  While rendering no decision on the outcome of that motion, this court is not convinced that Plaintiff has demonstrated a likelihood of success on the merits of his claims.  Nor do the other factors raised by Plaintiff in this and in his other motions for appointment of counsel present such "exceptional circumstances" requiring this court to appoint him counsel.  The Motion for Appointment of Counsel is DENIED.

IT IS SO ORDERED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: June 6, 2007

SAMONTE v. MAGLINTI, et al., CV 05-00598 DAE-BMK; ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL; dmp\apptcoun 07\Samonte 05-598 (dny 2d or 3d mot)