IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| LAEL SAMONTE, | ) | CIV. NO. 05-00598 SOM-BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DENYING MOTION TO |
| vs. | ) | TO ADD PARTIES |
| | ) | |
| ALBERTA MAGLINTI, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER DENYING MOTION TO ADD PARTIES

*Pro se* plaintiff Lael Samonte, has filed a letter seeking to amend his complaint to add seven new defendants. The court construes the letter as an ex parte Motion to Add Parties ("Motion"), brought pursuant to Federal Rule of Civil Procedure 15(a). After carefully reviewing the Motion and Defendant's Opposition, the court in its discretion determines that this matter is suitable for disposition without a hearing pursuant to Local Rule LR7.1(d). For the following reasons, the Motion is DENIED.

## BACKGROUND

Plaintiff filed the complaint in this action on September 15, 2005. Plaintiff was granted in forma pauperis status and the complaint was served on November 1, 2005. (Doc. Nos. 5 & 11.) Waiver of service of summons was returned on

November 15, 2006, and Defendant answered the complaint on January 20, 2006. (Doc. Nos. 15 & 28.)

A scheduling conference order was entered on March 31, 2006, setting September 26, 2006, as the deadline for motions to join additional parties or to amend the pleadings. (Doc. No. 36.) The deadline for dispositive motions was set for December 4, 2006. Trial was scheduled for April 3, 2007.

Defendant filed a motion for summary judgment on December 4, 2006, and a hearing was scheduled for January 22, 2007. (Doc. No. 45.) On Plaintiff's motion, the hearing was rescheduled until March 5, 2007. (Doc. Nos. 48 & 49.) By leave of court, Plaintiff filed two oppositions to the motion, on January 3, 2007, and on January 11, 2007. (Doc. Nos. 51 & 53.)

At the hearing on March 5, 2007, Plaintiff requested a second continuance due to illness. The court granted Plaintiff's request and continued the hearing until April 30, 2007. (Doc. No. 55.) The court also rescheduled the trial date until July 10, 2007. A new Rule 16 scheduling order was issued to the parties, indicating that the deadline for filing motions to join or add parties and for filing further dispositive motions was closed. (Doc. Nos. 56 & 57.)

On April 30, 2007, Plaintiff again indicated that he was ill, and requested another continuance of the hearing.  The court again granted the request, and continued the hearing until July 2, 2007.  (Doc. No. 59.)

Three weeks later, on May 21, 2007, Plaintiff filed the present request to add parties.

## LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) provides that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  The Ninth Circuit has instructed that the policy favoring amendments "is to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (citations omitted).  Nonetheless, leave to amend "is not to be granted automatically" *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990), and may be denied "if permitting an amendment would, among other things, cause an undue delay in the litigation or prejudice the opposing party." *Zivkovic v. Southern California Edison Co.,* 302 F.3d 1080, 1087 (9th Cir. 2002).  However, amendments "seeking to add claims are to be granted more freely than

3

amendments adding parties." *Union Pac. R.R. Co. v. Nevada Power Co.,* 950 F.2d 1429, 1432 (1991).

The court looks to four factors to determine the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, and futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *DCD Programs*, 833 F.2d at 186.

## DISCUSSION

Plaintiff seeks to add seven new defendants to this action: (1) Eric Penarosa, former Hawaii Department of Public Safety ("DPS") Deputy Director; (2) George Sumner, former DPS Director; (3) Randy Asher, former Halawa Correctional Facility ("HCF") Deputy Warden; (4) Clayton Frank, former HCF Warden and current interim DPS Director; (5) Terri Yoshinaga, HCF Acting Clerical Supervisor II; (6) Eric Tanaka, HCF Deputy Warden; and (7) Theodora L. Leatumauga, HCF Business Office Manager.

Plaintiff alleges that: (1) Penarosa and Sumner approved the HCF legal mail policy in 1992 and 1993; (2) Asher and Tanaka issued a memorandum regarding HCF's privileged and legal mail in 1999, and Tanaka also issued a 2004 memorandum titled "Hardcover Books From Warden Clayton Frank," and a 2005 memorandum titled "Unauthorized Correspondence Containing Pictures, Stamps,

4

or Self-Addressed Postage Paid/Stamped Envelopes"; (3) Frank issued a 2003 memorandum regarding unauthorized publications and a 2004 memorandum relating to inmate requests for postage; and (4) Leatumauga issued a 2004 memorandum titled "Property received by Mail-Revised Form."

First, leave to amend may be denied if the amendment is introduced solely for delay or improper purpose. *Foman*, 371 U.S. at 182. It does not appear that Plaintiff's purpose here is to delay or for an improper purpose. Although he has sought continuances several times, these requests were due to his ill health and apparent difficulty in prosecuting this action from prison. It is more likely that Plaintiff, acting pro se, seeks this amendment in the simple hope that it will bolster his claims. Thus, the court finds no reason to believe that Plaintiff's amendment is brought in bad faith.

Second, within the Ninth Circuit, although delay *alone* is insufficient to provide grounds for denying leave to amend, it is a relevant factor. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (footnotes omitted); *Zivkovic,* 302 F.3d at 1087 (causing an undue delay in the litigation is reason to deny motion to add party). Plaintiff's Motion comes almost two years after he filed the complaint, a year and a half after Defendant filed the answer, eight months after the deadline for adding new defendants expired, and virtually on

the eve of trial. If the motion is granted, trial would have to be continued again to allow the new defendants to be served and to answer the complaint. It is unclear if Penarosa and Sumner even work for the Department of Public Safety, thus, effecting service on them may be problematic. Moreover, the court would also be forced to reopen long-closed discovery and motions deadlines to allow the newly added defendants the same opportunities to defend against suit that the original defendants had. This factor strongly weighs against granting Plaintiff's request. *See Solomon v. N. Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) (leave to amend sought on eve of discovery deadline properly denied).

      Turning to the third factor, prejudice to the opposing party, the court finds that this also strongly militates against allowing this amendment to the pleading. An amendment's potential prejudice to the opposing party "carries the greatest weight" among the four factors in deciding to grant leave to amend. *Eminence Capital*, 316 F.3d at 1052. To deny leave to amend, the prejudice must be substantial. *Morongo*, 893 F.2d at 1079. Courts have found prejudice when the amendment came on the eve or close of discovery, *Solomon*, 151 F.3d at 1139, when there were many previous efforts to amend, *Mir v. Fosburg*, 646 F.2d 342, 347 (9th Cir. 1980), and when the amendment was brought to destroy diversity and the jurisdiction of the court. *DCD Programs*, 833 F.2d at 187 ("Amending a

complaint to add a party poses an especially acute threat of prejudice to the entering party.") (footnotes omitted).

Here, discovery is closed, the deadlines for adding parties or filing dispositive motions are closed, and trial is set for July 10, 2007, little more than a month away.  Plaintiff has had nearly two years to amend his complaint and did not seek to do so until well beyond the dates set forth above.  Clearly, Defendant would be substantially prejudiced by allowing an amendment to add parties at this late date.

Finally, the court finds that this proposed amendment is futile.  Although challenges to the pleading are usually deferred until after the pleading has been granted, leave to amend has sometimes been denied if the proposed amendment is futile.  *DCD Programs,* 833 F.2d at 188; *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).  A proposed amendment is futile if "no set of facts can be proved under the amendment that would constitute a valid claim or defense." *Miller v. Rykoff-Sexton, Inc.,* 845 F.2d 209, 214 (9th Cir. 1988).

In this case, the court has the benefit of Defendant's fully-briefed motion for summary judgment and Plaintiff's responses to the motion to determine the futility of amending the complaint to include these parties.  A careful review of the motion leaves this court with the firm conviction that amending the complaint to add these

7

parties would be futile.  The basis for Plaintiff's claims is that Defendant and unnamed others improperly opened his legal mail, violating Plaintiff's constitutional rights.  Adding Clayton Frank because he set forth prison mail policies addressing unauthorized publications and books adds nothing to bolster Plaintiff's claims regarding the alleged opening of his legal mail.  Doing so, in fact, would not only add a defendant but would expand Plaintiff's claims beyond what is alleged in the complaint.  This same reasoning applies to Yoshinaga's memo dealing with unauthorized mail items and inmate requests for postage.  This applies equally to Tanaka's addendum to Frank's memo on hardcover books, and Tanaka's memo addressing unauthorized correspondence, and Leatumauga's memo issuing a new form for inmate property received at the prison.

     Finally, adding Penarosa, Sumner, and Asher because they apparently approved the prison's legal mail policy in 1992, 1993, and 1999 is similarly futile.  First, it would appear that claims against these parties are long barred by the statute of limitation.  More important, after reviewing the prison's legal mail policy as presented in Defendant's Motion for Summary Judgment, and the relevant case law as it applies to that policy and to Plaintiff's specific allegations, this court is convinced that adding these parties as defendants is futile.  While making no determination on the merits of Plaintiff's claims here, it appears that no set of facts

would constitute a valid claim against these three, based on their disseminating or approving the prison's mail policy.

    For the foregoing reasons, the Motion to Add Parties is DENIED.

    IT IS SO ORDERED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: June 6, 2007

SAMONTE v. MAGLINTI, et al., CV 05-00598 DAE-BMK; ORDER DENYING MOTION TO ADD PARTIES; dmp\ Non-disp 07\Samonte 05-598 (mot amd C add Ds)